# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

Lyle W. Cayce
Clerk

No. 11-30639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SAMUEL B. JOHNSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-81-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Samuel B. Johnson entered a conditional guilty plea to one count of conspiracy to commit health care fraud and one count of money laundering. Prior to the plea, Johnson filed a motion to suppress all items seized in a search pursuant to a warrant of the premises of Medical Supplies of Baton Rouge (MSBR). Johnson argued that the evidence should be suppressed because the search was conducted pursuant to an invalid general search warrant. The district court denied the motion and held "that the warrant was not a general

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

warrant and was sufficiently specific and particularized." In entering his plea, Johnson reserved his right to appeal the denial of the motion to suppress.

When a search has been conducted in accordance with a warrant, we use a two-part test to review the district court's denial of a motion to suppress. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004) (quoting *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002)). The first step involves examining whether the good faith exception to the exclusionary rule applies. *Id.* If the good faith exception applies, no further analysis is necessary unless the case involves "a 'novel question of law,' resolution of which is 'necessary to guide future action by law enforcement officers and magistrates.'" *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). We review de novo whether the exception applies. *Id.*

An officer's reliance on a warrant is not objectively reasonable and, therefore, he is not entitled to invoke the good faith exception if, among other things, the warrant authorizing the officer's actions is so "facially deficient" in failing to particularize the place to be searched or the things to be seized that the executing officers "cannot reasonably presume it to be valid." *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks and citation omitted). Evidence should be suppressed "only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *Herring v. United States*, 555 U.S. 135, 143 (2009) (quoting *Illinois v. Krull*, 480 U.S. 340, 348-49 (1987)).

Johnson argues that the officers executing the search could not have relied on the warrant in good faith because the warrant was so lacking in particularity that it was a "general" warrant. In reviewing whether a search warrant was sufficiently particular, we must determine whether the warrant would permit no discretion to the executing officer in seizing evidence pursuant to the warrant. *United States v. Allen*, 625 F.3d 830, 834-35 (5th Cir. 2010), *cert.*

*denied*, 132 S. Ct. 1632 (2012). In this case, the warrant delineated 21 specific types of evidence to be seized from the business premises of MSBR. Items one through three specifically stated that the patient records and other documents be related to supplying durable medical equipment. All of the items were described as records related to MSBR, the insurers and federal programs that were the objects of the fraud, or the named defendants. Although the specific listing was comprehensive and allowed the seizure of a broad range of evidence, that specific listing did not leave anything to the discretion of the executing officers. Johnson has failed to show, under the precedent of this circuit, that the warrant was so lacking in specificity that the executing officers had discretion to determine which items were to be seized. *See Allen*, 625 F.3d at 834-35.

Johnson also argues that the officers could not have relied on the warrant to seize patient files because those records were outside the scope of the warrant. This issue has no merit.

AFFIRMED.